UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH H. SIMMONS,

                Plaintiff,

    -against-                                           COMPLAINT

                                                        08 Civ      (      )
DANIELI CORPORATION                                     ECF CASE

                Defendant
----------------------------------------------------------X

                            **08 CIV. 7087**
                         **JUDGE KARAS**

<u>**PLAINTIFFS DEMAND TRIAL BY JURY**</u>

    Plaintiff, JOSEPH H. SIMMONS, by his attorneys, Cahill, Goetsch & Maurer, P.C. complains of the defendant, DANIELI CORPORATION and alleges:

<u>**STATEMENT OF FACTS**</u>

    <u>FIRST</u>: Jurisdiction of the Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. Plaintiff resides at 71 Rombout Avenue, Beacon, NY 12508. Defendant Danieli Corporation (hereinafter "Danieli") is a foreign corporation created under the laws of the State of Delaware with its principal place of business located at 800 Cranberry Woods Drive, Cranberry, PA. 16066. The amount in controversy exceeds the sum of $75,000.00 exclusive of costs and interest.

    <u>SECOND</u>: At all times relevant, plaintiff was employed by Ethan Allen Staffing, a Temporary Staffing Division of the Ethan Allen Personnel Group located at 21 Old Main Street, Fishkill, NY 12524.

THIRD: On and before March 5, 2007, Chemprene, Inc. owned, operated and controlled a conveyor belt manufacturing plant located at 483 Fishkill Avenue, Beacon, New York 12508.

FOURTH: On and before March 5, 2007, plaintiff was assigned by Ethan Allen Staffing to work at the Chemprene, Inc. conveyor belt manufacturing plant at 483 Fishkill Avenue in Beacon, New York.

FIFTH: Upon information and belief, plaintiff's duties at Chemprene, Inc. required him on March 5, 2007 to work on a machine known as a "Calender" machine identified as a 28x84 - 3Roll - 130 degree Calender, serial/order number 34462 which was manufactured by Adamson United, a division of United Engineering and Foundry, a Wean Company.

SIXTH: Upon information and belief, subsequent to March 5, 2007, United Engineering and Foundry and its parent company, Wean United filed for bankruptcy protection and the assets and liabilities of said companies were purchased by defendant Danieli.

SEVENTH: On March 5, 2007, while performing his assigned duties in the vicinity of the aforementioned Calender machine, plaintiff was caused to be pulled into the Calender machine and was wrapped up in conveyor belt material just manufactured by the Calender machine, and that all of the foregoing brought about severe and disabling injuries to the plaintiff.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DANIELI CORPORATION

EIGHTH: Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered FIRST through SEVENTH of this Complaint with the same force and effect as if fully set forth at length herein.

NINTH: Upon information and belief and at all times relevant, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company contracted to supply goods or services in the State of New York.

TENTH: Upon information and belief and at all times relevant, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company were corporations which committed a tortious act within the State of New York.

ELEVENTH: Upon information and belief and at all times relevant, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company were corporations which committed a tortious act outside of the State of New York causing injury to plaintiff within the State of New York.

TWELFTH: Upon information and belief and at all times relevant, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company are/were corporations which regularly does/did or solicits/solicited business, or engages/engaged in any other persistent course of conduct, or derives/derived substantial revenue from goods used or consumed or services rendered in the State of New York.

THIRTEENTH: Upon information and belief and at all times relevant, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company were corporations which expected or should have reasonably expected its acts to have consequences in the State of New York.

FOURTEENTH: Upon information and belief and at all times relevant, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company were corporations which derived substantial revenue from interstate or international commerce.

FIFTEENTH: Upon information and belief, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company were negligent in the design, manufacture, distribution and/or sale and maintenance of the aforementioned Calender machine involved in plaintiff's injury and that said negligence was a proximate cause of injury to plaintiffs. That the doctrine of Res Ipsa Loquitur is applicable to this claim.

SIXTEENTH: That as a result of the aforedescribed conduct on the part of DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company, plaintiff was caused to sustain severe disabling and permanent injuries including, but not limited to: traumatic brain injury with cognitive deficits and severe depression; moderate left C6 radiculopathy, moderate left carpal tunnel syndrome, and moderate to severe left sensorimotor ulnar neuropathy with entrapment at the elbow.

SEVENTEENTH: That as a result of the negligence as aforedescribed, plaintiff: has incurred and will continue to incur medical expenses for treatment of the aforedescribed injuries; will sustain loss of income and fringe benefits; and, will sustain severe mental anguish, emotional distress, anxiety and depression.

EIGHTEENTH: That plaintiff has sustained damages estimated to be in the sum of TEN MILLION ($10,000,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DANIELI CORPORATION

NINETEENTH: Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered FIRST through EIGHTEENTH of this Complaint with the same force and effect as if fully set forth at length herein.

TWENTIETH: Upon the sale of the Calender machine in question by DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company, said companies warranted to all persons whom they could reasonably foresee would be injured by a breach of the warranty that the Calendar machine was suitable, of merchantable quality and safe for the purpose for which it was intended to be used.

TWENTY-FIRST: The aforementioned Calendar machine was not safe and suitable for its intended purposes as warranted because it was not outfitted with necessary protections which would have prevented plaintiff from being pulled into the Calendar machine, and, that all of the foregoing brought about severe and disabling injuries to the plaintiff.

TWENTY-SECOND: DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company have breached their implied warranties because the Calender machine in question was unmerchantable, unfit for its intended use and unsafe.

TWENTY-THIRD: The plaintiff's injuries were proximately caused by the breach of warranties by DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company.

TWENTY-FOURTH: That plaintiff has sustained damages estimated to be in the sum of TEN MILLION ($10,000,000) DOLLARS.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DANIELI CORPORATION

TWENTY-FIFTH: Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered FIRST through TWENTY-FOURTH of this Complaint with the same force and effect as if fully set forth at length herein.

TWENTY-SIXTH: Upon the sale of the Calender machine in question, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company assumed a strict liability to all persons whom they could reasonably foresee would be injured by the sale of the Calender machine that was not safe to use and which constituted a dangerous instrumentality.

TWENTY-SEVENTH: Plaintiff is covered by and included in that warranty and assumption of strict liability.

TWENTY-EIGHTH: The Calender machine in question was in the same condition on March 5, 2007 as it was on the day DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company placed the Calender machine in the stream of commerce.

TWENTY-NINTH: The Calender machine was defective and unreasonably dangerous in that on March 5, 2007 while the Calender machine was being operated as intended, plaintiff was pulled into the Calender machine and was wrapped up in conveyor belt material just manufactured by the Calender machine, and, that all of the foregoing brought about severe and disabling injuries to the Plaintiff.

THIRTIETH: That by reasons of the fact that the Calender machine in question was defective and unreasonably dangerous, DANIELI and/or its predecessor company in interest, Adamson United, a division of United Engineering and Foundry, a Wean Company are strictly liable in tort for plaintiff's injuries.

THIRTY-FIRST: That plaintiff has sustained damages estimated to be in the sum of TEN MILLION ($10,000,000) DOLLARS.

WHEREFORE, plaintiff demands judgment on the first cause of action in the sum of TEN MILLION ($10,000,000) DOLLARS; plaintiff demands judgment on the second cause of action in the sum of TEN MILLION ($10,000,000) DOLLARS; plaintiff demands judgment on the third cause of action in the sum of TEN MILLION ($10,000,000) DOLLARS; and, plaintiff demands costs, disbursements and pre-judgment and post-judgment interest on all causes of action.

Dated: July 31, 2008
    White Plains, N.Y.

CAHILL, GOETSCH & MAURER, P.C.
Attorneys for Plaintiff
By: _____
A Member of the Firm #IM-0337
1025 Westchester Avenue, Suite 106
White Plains, New York 10604
(914) 948-3352